UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIANKA BERG,<br>*Plaintiff*,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>*Defendants*. | No. 26-CV-6717 (KMK)<br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

On August 6, 2026, Bianka Berg ("Plaintiff"), pro se, brought this Action against Markwayne Mullin, Joseph B. Edlow, Carrie M. Selby, and Todd Blanche ("Defendants") in their official capacities, seeking an order compelling Defendants to adjudicate her Form I-131 application, which she claims has been pending for more than two years. (*See* Compl. in Nature of Mandamus (Dkt. No. 1).) On August 24, 2026, Plaintiff contacted Chambers by email *ex parte* to request "timely adjudication" of her pending application, and to consider a letter motion she recently sent to the Pro Se Intake Unit "as soon as practicable." (Letter from Pl. to Court (Aug. 24, 2026) (on file with Court).) That letter motion has not yet been docketed.

The Court denies Plaintiff's emailed request without prejudice because she has not yet served Defendants.[1] Although the Clerk of Court has issued summonses as to each Defendant, (*see* Dkt. No. 3), there is no indication on the Docket that any of the Defendants has been served with the Complaint, so adjudication of Plaintiff's requested relief on the merits would be

[1] Because Plaintiff is not proceeding *in forma pauperis*, "it is [her] responsibility to effectuate service" of her Complaint on Defendants. *Abreu v. Travers*, No. 15-CV-0540, 2017 WL 8780769, at *1 n.1 (N.D.N.Y. Oct. 30, 2017); *see* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served . . . .").

premature. *See Youngblood v. Pena*, No. 15-CV-3541, 2015 WL 14091489, at *1 (S.D.N.Y. July 17, 2015) ("Until the summons and complaint have been served on a defendant, the Court has no jurisdiction over that defendant and can award no relief directed at that defendant."), *report and recommendation adopted*, 2015 WL 14091491 (S.D.N.Y. Aug. 10, 2015); *see generally Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."). The requirement that plaintiffs must serve defendants is as true in the context of Plaintiff's claims as it is elsewhere. *See Liu v. Garland*, No. 23-CV-1132, 2024 WL 2941850, at *2 (E.D.N.Y. June 11, 2024) (granting motion to dismiss action to compel USCIS to adjudicate form where the plaintiff had not served the defendants); *Weir v. United States Citizenship & Immigration Serv.*, No. 19-CV-2223, 2020 WL 6018717, at *5 (E.D.N.Y. Sept. 28, 2020) (same, and noting it is the plaintiff's burden to demonstrate adequate service of process). And while there are certain mechanisms for emergency relief that can be resolved before defendants are served, like in Federal Rule of Civil Procedure 65(b), Plaintiff has neither availed herself of them nor argued they are applicable to the facts of her case.

Accordingly, Plaintiff's request for expedited adjudication of her complaint is denied without prejudice as premature. *See Tovar v. Greenburger*, No. 25-CV-9648, 2026 WL 1761061, at *2 (S.D.N.Y. June 17, 2026) (denying requested relief as premature where the defendants had not yet been served).

Going forward, Plaintiff may file any materials relevant to this case on the docket via email to prose@nysd.uscourts.gov and Pro_Se_Filing@nysd.uscourts.gov, subject to the Court's Electronic Case Filing Rules, rather than by email to Chambers. *See* S.D.N.Y. Electronic Case

Filing Local Rules 1.1 (effective Feb. 2, 2026) (accessible by copying this link: https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20February%202%202026%20FINAL%20v2.pdf [https://perma.cc/JFV3-L3ZB]). The Rules also explain how parties proceeding pro se may apply to register for ECF if they wish to do so. *See* S.D.N.Y. Electronic Case Filing Local Rules 2.2; Motion for Permission for Electronic Case Filing (for pro se cases), U.S. District Court for the Southern District of New York (accessible by copying this link: https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases [https://perma.cc/8DH5-RLM9]). The Court notes for Plaintiff's benefit that "the Court cannot accept filings emailed to [Chambers] or ex parte communications," and the Court responding to this request should not be taken as encouragement for doing so going forward. *Trs. of Pavers Dist. Council Apprenticeship, Skill Improvement & Training Fund v. Lavin Inc.*, No. 22-CV-1023, 2025 WL 1640496, at *2 (E.D.N.Y. Mar. 24, 2025). Plaintiff may also consult the Court's resources for pro se plaintiffs at https://www.nysd.uscourts.gov/prose [https://perma.cc/WZU6-GLH3] and contact the Pro Se Intake Unit at (212) 805-0175.

The Clerk of Court is respectfully directed to mail this Order to Plaintiff.

SO ORDERED.

DATED: August 25, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE