UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIANKA BERG,<br><br>*Plaintiff*,<br><br>v.<br><br>MARKWAYNE MULLIN, JOSEPH B. EDLOW, CARRIE M. SELBY, and TODD BLANCHE,<br><br>*Defendants*. | No. 26-CV-6717 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Plaintiff, proceeding pro se, filed this action on August 6, 2026, (*see* Civil Cover Sheet (Dkt. No. 2)), and Summons for Defendants were issued, (*see* Dkt. No. 3). On August 24, 2026, Plaintiff filed a Letter Motion for Expedited Consideration of her Form I-131, Application for Travel Document. (*See* Letter Mot. (Dkt. No. 6).) On August 25, 2026, the Court denied Plaintiff's Letter Motion without prejudice because Defendants had not yet been served. (*See* Order (Dkt. No. 5).) On September 24, 2026, Defendants were served. (*See* Dkt. Nos. 7–11.) On October 16, 2026, Plaintiff filed a renewed Letter Motion for Expedited Consideration. (*See* Letter Mot. (Dkt. No. 14).) The Court ordered the Defendants to respond to the letter by October 23, 2026. (*See* Order (Dkt. No. 15).) On October 22, 2026, Defendants filed a response to Plaintiff's letter, explaining that Plaintiff's Form I-131 was denied on the basis that Plaintiff was outside the United States when her application was filed, rendering her ineligible for the relief she seeks in this Action. (*See* Defs.' Resp. to Letter Mot. (Dkt. No. 16-1.)

Under Article III of the United States Constitution, the case or controversy requirement "precludes litigation over claims that are moot." *Mahon v. Johnson*, 321 F. Supp. 3d 320, 323

(E.D.N.Y. 2018). "When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction." *Id.* Here, Plaintiff seeks expedited consideration of her Form I-131, and Defendants have now denied her application. (Defs.' Resp. to Letter Mot. (Dkt. No. 16-1.) "The Court cannot mandate USCIS to adjudicate an application that it has already adjudicated." *Mahon*, 321 F. Supp. 3d at 323; *see also Torres v. United States Dep't of State*, No. 18-CV-9555, 2020 WL 1489803, at *4 (S.D.N.Y. Mar. 27, 2020) (dismissing as moot a claim seeking to compel issuance of passport where passport had already been issued); *Aizah v. Holder*, No. 12-CV-6020, 2013 WL 1282345, at *1 (E.D.N.Y. Mar. 28, 2013) (finding an action for a writ of mandamus moot where USCIS had already adjudicated the plaintiff's I–130 petition).

Accordingly, Plaintiff's claims against Defendants are dismissed without prejudice as moot. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

Dated: October 30, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge